UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HARRIS DAVID                              CIVIL ACTION

VERSUS                                    NUMBER 14-84-SDD-SCR

AVERITT EXPRESS, INC., ET AL.


## NOTICE

    Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 20, 2014.


                    STEPHEN C. RIEDLINGER
                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARRIS DAVID                               CIVIL ACTION

VERSUS                                     NUMBER 14-84-SDD-SCR

AVERITT EXPRESS, INC., ET AL.

## MAGISTRATE JUDGE'S REPORT

Before the court is plaintiff's Motion to Remand.   Record document number 7.   The motion is opposed.[1]

For the reasons which follow, the plaintiff's Motion to Remand should be granted.

## Background

Plaintiff filed a Petition for Damages in state court on August 19, 2011 seeking damages resulting from an August 30, 2010 rear-end collision between two 18-wheelers.   Plaintiff was driving one of them; defendant Patricia Byrd was driving the other one. Plaintiff damages for past and future medical expenses, loss of enjoyment of life, loss of income, loss of earning capacity, pain and suffering, and mental anguish and distress.   In September 2011, defendants Averitt Express, Inc. and Byrd removed the case to this

---

[1] Record document number 11.

court based on diversity of citizenship under 28 U.S.C. § 1332.[2] Plaintiff filed a Motion to Remand and a motion to amend the petition to join Vermillion Shell and Limestone, Inc., alleged to be the owner of the vehicle the plaintiff was driving, and its insurers. Plaintiff also moved to join his own uninsured/ underinsured motorist insurance carrier. Plaintiff argued defendant Vermillion Shell and Limestone is a Louisiana citizen whose joinder would destroy diversity, and that the amount in controversy required under § 1332 was not satisfied. This court remanded the case on December 31, 2011 because the defendants failed to show by a preponderance of the evidence that the amount in controversy required by § 1332 was present.[3] The court did not address the motion to amend or the improper joinder issue.

Defendants filed this second Notice of Removal on February 7, 2014 arguing that they receive new evidence January 10, 2014 which demonstrated that the plaintiff's lost earnings claim alone exceeds $75,000. Defendants argued that although this removal was filed after the one-year time limitation set forth in 28 U.S.C. § 1446(c)(1), the equitable tolling exception applies because the plaintiff concealed the value of his claim to manipulate the forum. Defendants again argued that Louisiana defendant Vermillion Shell

---

[2] *Harris v. Averitt Express, Inc., et al.*, CV 11-631-BAJ-SCR.

[3] *Harris*, *supra*, record document numbers 9 and 12, Magistrate Judge Report and Recommendations and Ruling, respectively.

and Limestone was improperly joined, and thus its presence does not destroy diversity.

Plaintiff argued in his Motion to Remand that the second removal was untimely and that the defendants failed to prove diversity of citizenship. Plaintiff asserted that defendant Vermillion Shell and Limestone, a Louisiana corporation domiciled in Vermillion Parish, is a proper defendant and it made an appearance in the state court proceedings when it filed its answer. Plaintiff also sought an award of expenses under 28 U.S.C. § 1447(c).

## Applicable Law

Under § 1446(b) the time limits for filing the notice of removal are specified as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ...
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Generally, a case that is not initially removable can become

removable pursuant to a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). The amended pleading, motion, order or other paper that initiates the right to remove under the second paragraph of § 1446(b) must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which support federal jurisdiction. *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

However, a case may be removed more than 1 year after commencement of the action if the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003); § 1446(c)(1).[4] In *Tedford,* the Fifth Circuit addressed whether the statute's one year limit on removal was absolute or subject to equitable exception. The court concluded that § 1446(b) was not inflexible and that the conduct of the parties may affect whether it is equitable to strictly apply the one year limitation on removal. Therefore, under circumstances which indicate that a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity

---

[4] Because this action commenced before January 6, 2012, the statutory exception to the one-year removal deadline does not apply as the current version of the statute was not in effect when suit was filed. See, Pub.L. No. 112-63 § 105(d). *Jones v. Shaner SPE Assoc.*, 2012 WL 1609884, 1-2 (W.D.La. May 7, 2012).

may require that the one year limit in § 1446(b) be extended. *Tedford,* 327 F.3d at 426-29.

Under *Tedford* and its progeny the removing party must establish more than an inference of forum manipulation to trigger the rarely used exception of equitable tolling. The *Tedford* decision to impose an equitable exception to the removal time limitation was based on a pattern of manipulation which included: (1) asserting an unsupportable cause of action against a non-diverse defendant; (2) amending the complaint to add the plaintiff's treating physician as a defendant after learning of the defendant's intention to remove the case; (3) failing to inform defendant of the non-suit until after the one-year anniversary; and (4) post-dating the Notice of Non-Suit so that the action appeared to have occurred after the limitations period had expired.[5] Because *Tedford* involved bad faith actions that evidenced an obvious attempt to avoid federal jurisdiction, subsequent district courts have resisted imposing equitable estoppel where the facts support only a suspicion of forum manipulation rather that a "transparent attempt to circumvent federal jurisdiction."[6]

---

[5] *Tedford*, 327 F.3d at 427-28.

[6] *Foster v. Landon*, 2004 WL 2496216, 3 (E.D.La. Nov. 4, 2004); *c.f. Carey v. Allstate Ins. Co.*, 2013 WL 5970487 (W.D.La. Nov. 2013).

**Attorney's Fees Under 28 U.S.C. § 1447(c)**

Plaintiffs also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of

the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

To demonstrate forum manipulation the defendants asserted that on March 12, 2012 the plaintiffs responded to a request for admission, denying that the amount in controversy of the claim was over $75,000.[7] The one-year time limit for removal closed on August 19, 2012. On January 7, 2014, the defendants were sent an expert report dated November 9, 2013 which calculated the plaintiff's past lost earnings at $83,355.00 and a future loss of earnings between $61,535.00 and $348,665.00.[8] Defendants noted that the plaintiff never supplemented or amended his response to the request for admission regarding the amount in controversy.

These facts are neither suspicious enough nor egregious enough to warrant estoppel. A review of the plaintiff's actions, considered in light of the totality of the circumstances presented, fails to establish a clear pattern of forum manipulation. Although the plaintiff's discovery response denying the required amount in controversy was submitted before the removal period ended, the new

---

[7] Record document number 1-12, Exhibit F.

[8] Record document number 1-13, Exhibit G.

evidence demonstrating the damages in excess of $75,000 was provided well beyond one year after the original removal date. Given the time between the submission of the discovery response and creation of expert report, and the absence of other relevant facts, it would be speculation to conclude that the plaintiff was clearly aware of the extent of his damages at the time of the original removal or at least before August 19, 2012, and that his conduct was intended to circumvent federal jurisdiction. Defendants have not provided any additional evidence sufficient to find that the plaintiff acted in bad faith concerning his damages, e.g. prior to August 19, 2012 the plaintiff possessed and withheld lost earnings evidence that was not available to the defendants. The circumstances here are similar to the circumstances in cases where the courts have declined to apply equitable estoppel.[9] For the foregoing reasons, the defendants' second removal is untimely.

With respect to an award of expenses, the record does not indicate that an award is warranted under § 1447(c). Considering the facts known to the defendants at the time of the second removal, the plainly questionable nature and timing of the plaintiff's actions, and the applicable law, the defendants' removal was objectively reasonable. Therefore, the plaintiff's request for an award of expenses should be denied.

---

[9] *See*: *Foster*, supra; *Ho v. Colony Insurance Company*, 2010 WL 4068955 (E.D.La. Oct. 14, 2010), *c.f. Jones v. Chavez*, 20012 WL 441251 (E.D.La. Feb. 10, 2012).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand be granted insofar as the plaintiff sought to have this case remanded to the state court.  Insofar as the plaintiff sought an award of expenses, it is further recommended that the plaintiff's motion be denied.

Baton Rouge, Louisiana, May 20, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE